## Pierce *v.* Jaquith.

In a writ of entry at common law, the death of a sole tenant of the freehold necessarily abates the writ.

The writ of entry which our statute authorizes to foreclose a mortgage on real estate constitutes an exception to the above rule.

The provisions of our statute authorizing administrators to prosecute and defend in writs of entry pending at the decease of their intestate, apply only to cases of mortgages and to cases where the administrator, as the representative of the estate, has an interest in the land, and cannot apply to cases where the land descends to and vests in the heir.

When a tenant in a writ of entry dies, and his administrator is summoned in to defend, it is the better course in practice for him to appear, and if he makes any claim for the estate, to state it in his plea ; otherwise to plead *non tenure* or disclaim, when the suit will abate.

Writ of entry, entered October Term, 1865.

April Term, 1867, the defendant's death was suggested on the docket, and *scire facias* issued against the administratrix of his estate, which was duly served and returned, and now at this term the administratrix comes in and objects that she is not bound in law to undertake the defence of this action.

The questions arising on the case were reserved.

*Scott & Smith*, for defendant.

The question arising in this case is whether, under the 20th section of chapter 170 of the Compiled Statutes, an administrator can be summoned into court and compelled to defend a real action.

It is a settled principle of the common law, and has become a part of the statute law of our State, that the title to real estate of a person who dies intestate, immediately upon his decease, vests in his heirs and remains in his heirs and those claiming under them, until divested by a sale by the administrator, under a license from the judge of probate, to pay debts ; or until the estate is administered in the insolvent course. *Bean* v. *Moulton*, 5 N. H. 450 ; *Bergen* v. *McFarland*, 26 N. H. 533 ; *Kelly* v. *Kelly*, 41 N. H. 501 ; *Lane* v. *Thompson*, 43 N. H. 320.

It does not appear that the heirs have been divested of their title to the real estate in either of the above ways.

The word "may" in the statute above referred to, we think, leaves it optional with the administrator to appear and defend for the benefit of the heirs or not. We cannot see how this construction of this section defeats in any measure the purposes of the law. The heirs are the proper parties to be summoned to defend this suit, because they are the only parties in interest.

*Woodward & Wellington*, for plaintiff.

SARGENT, J.  As the demandant in every writ of entry must demand a *freehold,* it follows that the tenant against whom the action is brought, must be *seized of a freehold,* or the action cannot be maintained against him.  But if a writ of entry is brought against one who is not seized of the freehold, he can make the objection only by disclaiming or pleading *non-tenure.*  If he neglects to plead that plea, or pleads the general issue or any other plea in bar, such pleading is an admission of his capacity to defend the suit, *as tenant of the freehold. Higbee v. Rice,* 5 Mass. 351 ; Comyn's Dig. Abatement (F. 15 ;) Stearns on Real Actions, secs. 89 and 202 ; *Mills v. Pierce,* 2 N. H. 9 ; *Sperry v. Sperry,* 8 N. H. 477 ; *Cocheco Co. v. Whittier,* 10 N. H. 311 ; *Whidden v. Proctor,* 17 N. H. 90 ; *Melcher v. Flanders,* 40 N. H. 139 ; *Williams v. Noiseux,* 43 N. H. 388 ; *Graves v. Amoskeag Co.*. 44 N. H. 462.

By the ancient common law, this action, when properly brought originally, might be defeated in various ways.  The death of the demandant, or of one of the demandants, when there were more than one, of the tenant, or of one of the tenants, when there were several, or the coverture of the demandants, or one of them.  Jackson on Real Actions, 23 and 24.  But in 1826, in Massachusetts, a law was passed providing that on the death of a sole demandant, or of one out of two or more demandants, the heir of the deceased may be admitted to prosecute the suit either alone or jointly with the survivors, as the case may be ; and if such heir does not thus become a party, the surviving demandant or demandants may prosecute the suit alone for their respective shares or portions ; also in case of the death of one of two or more tenants, the action may be prosecuted against the survivor or survivors for such part or portion as they hold or claim.  Jack. R. A. 24 ; Stearns R. A. sec. 99, note.  And in case of the marriage of the demandant or complainant when a *feme sole,* her husband might be joined.  But it was held, after this statute was in force, that the death of a sole tenant always abated the writ.  Jack. R. A. 137.  So, in Stearns R. A. sec. 199, it is said : "Where there is but one tenant his death *necessarily* abates the suit, because neither the heir nor the executor can defend in a real action where the tenant dies pending the suit."

But in this State we are not aware of any statute going to the extent of the one cited from Massachusetts ; no one that provides for admitting the heir of the deceased demandant to prosecute with the surviving demandants ; and, without that provision, it follows that the death of either the demandant or the tenant, if sole, *necessarily* abates the suit.  To the same effect is *Thomas v. Smith,* 2 Mass. 480, where it is said that administrators and executors are authorized to come in and prosecute or defend actions which survive the death of the party, because acting *en autre droit,* they maintain the rights of their testator or intestate.  But when the ancestor dies seized, and, on his death, the heir enters, he becomes seized in his own demesne, and does not claim to hold the land in right of another, nor does the estate of the testator or intestate have any longer any interest in the land for the executor or administrator to

maintain, and a new writ must be brought against the heir to try the title to the land.

So, in *Barnes* v. *Hatch*, 3 N. H. 304, the plaintiff claimed the land under a conveyance from one Joseph C. Barnes, who had died, and the plaintiff brought his writ of entry against said Barnes' administrator, who appeared and pleaded that the instrument, under which the demandant claimed, was not the deed of the said Joseph C. Barnes, on which plea issue was joined. *Richardson, C. J.*, in the opinion, says that the fact of the defendant's being the administrator of said Barnes, could not have made him a good tenant to the *præcipe* in that case ; that a recovery would amount to nothing, and that the administrator might proceed and sell the land (his intestate being insolvent,) as well after such recovery as before. He adds : "The administrator might have abated the demandant's suit by a plea of *non-tenure*, and ought not to have taken upon himself the tenancy. But he has chosen to litigate a cause, which can settle nothing, and must, therefore, litigate it at his own expense. The estate has no interest in this suit, and cannot be charged with the expenses of it."

If the administrator of a deceased grantor cannot be a good tenant to the *præcipe*, so that a writ of entry can be maintained against him, neither can an administrator become a good tenant to the *præcipe* by coming in after the decease of a tenant, pending the suit, for, as we have seen, the death of a sole tenant *necessarily abates* the suit.

These principles apply to writs of entry or real actions at common law. But we have a *special* writ of entry, as Stearns calls it, (R. A. 253,) which is in use in this State and in Massachusetts, and authorized by statute, to enable the mortgagee to obtain possession of the mortgaged premises by process of law. A writ of entry to foreclose a mortgage stands upon somewhat different grounds from the ordinary writ of entry, as we will presently notice.

But there are various provisions of the statute first to be noticed. Comp. Stats. ch. 198, sec. 14, identical with Gen. Stats. ch. 207, sec. 11, provides, among other things, that "real actions, and actions of ejectment, shall not abate by reason of the death of either party, but may be prosecuted as other actions, the cause of which survives." Comp. Stats. ch. 170, secs. 16 and 20, identical with Gen. Stats. ch. 179, secs. 16 and 20, are as follows, 16 : "Every administrator may prosecute or defend any action pending in any court for or against the deceased, whether the cause of action does or does not by law survive, if he or the surviving party so elect," &c. 20 : "The administrator, as such, may prosecute and defend all real actions, pending at the decease of the testator or intestate, and may, within one year after such decease, bring a review of any real action, &c., and prosecute the same for the benefit of the persons interested in such estate."

These provisions of the statute are in terms very broad, and would seem applicable to all cases. But we have some decisions that give construction to them. The statute of June 21, 1797, N. H. Laws (1815,) 108, provides that "actions of *ejectment* shall not abate by the death of either party." In *Pritchard* v. *Atkinson*, 4 N. H. 140, it was held

that, by this expression "*actions of ejectment*" in that statute, *writs of entry* were intended. So that the subsequent amendment of the statute by which it is now made to read "real actions and actions of ejectment" shall not abate by the death of either party, really makes the statute include no more than the former one did which only mentioned actions of ejectment. In our practice, which follows in this respect the practice in Massachusetts, ( *Woodbury* v. *Woodbury*, 47 N. H. 23,) the writ of entry is really the only real action or action of ejectment made use of, to which either of the statutes could apply. But still it is held in *Pritchard* v. *Atkinson*, that though the statute of 1797 was intended to apply to writs of entry, yet that it was clear that this provision however broad it might be in terms, could be applied only to the case of *mortgages* in which executors and administrators have an interest. and that it could not apply to any other real estate with which they had no concern ; and that this *special* writ of entry which we make use of to foreclose mortgages, constitutes an exception to the general rule applicable to other writs of entry in this State, that if the demandant or tenant die the writ necessarily abates.

By the same rule and for the same reasons, our statute providing that real actions and actions of ejectment shall not abate by the death of either party, and the other provisions that executors may prosecute and defend any action, &c., against their deceased testator or intestate, whether the cause of action by law survive or not, can properly apply only to that class of writs of entry which are founded upon mortgages. We think that section 20, chapter 179 General Statutes, must also be thus limited in its application, of necessity, and upon examination, it may have been designed to be thus limited by its terms. The last clause of the section would seem to be a limitation upon the application of the general provisions of the preceding facts. The administrator as such may prosecute and defend real actions pending at the decease, &c., and may bring a review of any real action, &c., and prosecute the same *for the benefit of the persons interested in such estate.*

It is evident that it can be for the benefit of those interested in the estate to have the administrator appear only in those real actions in which the estate to be administered is interested, as in case of writs of entry on mortgages, and not in other cases where the land has descended to and vested in the heir, and so is no part of the estate in the hands of the administrator to be administered by him.

There is another class of cases besides mortgages where the administrator may properly interfere with real estate. Comp. Stats. ch. 170, sec. 19, identical with Gen. Stats. ch. 179, sec. 19, provides that "the administrator, as such, may maintain any action necessary and proper to be brought in relation to real estate set off to him for debts due the estate, and to the real estate of said deceased in cases of insolvency until the administration is closed." And it is probable that section 20 of the same chapter has reference particularly to suits in cases provided for in section 19, where the estate might be interested, and where it would be the duty of the administrator to appear, &c., for the benefit of those interested in the estate.

In this case, if the pending suit is for the foreclosure of any mortgage, or if the estate is insolvent, and so the estate, as such, has any interest in the suit to be protected, the administrator should appear for the estate.   But if such is not the fact, and the real estate has descended to and vested in the heir, then the administrator should not undertake to defend the suit, because, if he did, it would amount to nothing. His acts would not bind the heir, and, at most, he could only have the privilege of defending the suit at his own cost and charges.

But the only question about which we have any doubts, is, whether, in such case, the administrator should appear in the case at all, after being cited in on *scire facias.*   Section 17 of said chapter 179, provides "that if the administrator having been duly served with a *scire facias,* shall not become a party to the suit, judgment may be rendered against the estate of the deceased in the same manner as if he had become a party."

The plaintiff oftentimes may not know what the real situation of the estate is, and whether it is interested in the suit he is prosecuting or not. And we think, as a matter of practice, the better way is for the administrator to appear in all cases where he is duly cited in, and if the estate he represents is interested in the result of the suit in any of the ways above specified, he may plead and defend in behalf of the estate ; but if the land has descended to the heir and the estate has no interest, then he should plead *non-tenure,* or disclaim as the representative of the estate, and the suit would abate.

<div align="right">

*Case discharged.*